IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANESCO USA,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRO CITOPATOLÓGICO DEL CARIBE, INC., <u>ET AL.</u>,<br><br>    Defendants. | CIVIL NO. 19-1697 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

This is a foreclosure action brought by Banesco USA ("Banesco") against Oficinas del Centro, Inc. ("Oficinas"), Puerto Rico Institute of Pathology, Inc. ("PRIPI"), Eliud López-Vélez ("López-Vélez") and Cristina Gómez-D'Angelo ("Gómez-D'Angelo"). Before the court is Banesco USA's "Motion for Summary Judgment" (Docket No. 55). For the reasons explained below, the motion is GRANTED.

    **I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). A factual dispute is genuine "if the evidence is such that a reasonable jury could returned a verdict for the nonmoving party." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). It is "material" if it potentially affects the outcome of the suit under governing law. <u>Id.</u>

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 2

All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. See, Shafmaster v. U.S., 707 F.3d 130, 135 (1st Cir. 2013)(so noting). To resist summary judgment, however, the nonmovant must do more than show some metaphysical doubt as to a material fact. See, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(articulating proposition). Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative, do "not suffice to ward off a properly supported summary judgment motion." Nieves-Romero v. U.S., 715 F.3d 375, 378 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

## II.   STATEMENT OF FACTS

Banesco is a corporation with principal place of business in Coral Gables, Florida (Docket No. 56-1 at ¶ 3). Defendant is a corporation under the laws of the Commonwealth of Puerto Rico (Docket No. 56, Banesco's Statement of Uncontested Material Facts "SUMF" at ¶¶ 3-4). On October 31, 2014, a Loan Agreement was executed between Banesco, Oficinas del Centro, Inc., Puerto Rico Institute of Pathology, Inc., Eliud López-Vélez and Cristina Gómez-D'Angelo, in the principal amount of $1,350,000.00 with annual interest at 6%, plus default interest at an annual rate of 2% in excess of the applicable rate and maturity date on October 31, 2019. SUMF at ¶ 8. On that same date, a promissory note was issued by Oficinas and PRIPI, in favor of Banesco, Mortgage I through Deed No. 35; Mortgage II through Deed No. 64; Mortgage IV through Deed No. 20 and Mortgage V through Deed No. 18, to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount of the note to cover costs, expenses and attorney's fees in the event of foreclosure or judicial collection, or collection

Case 3:19-cv-01697-PAD   Document 80   Filed 01/31/22   Page 3 of 8

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 3

in any proceeding in bankruptcy of the borrowers, (c) an amount of 10% of the original principal amount of the note to cover any advances made under the mortgage deed, and (d) an amount of 10% of the original principal amount of the note to cover interests in addition to those secured by law. SUMF at ¶¶ 9-11; Docket Nos. 1-5, 1-7, 1-11 and 1-13.  The mortgage encumbers a property located in San Juan, Puerto Rico, which is described in the Registry of Property in the Spanish language as follows:

> **PROPERTY A:**
>
> URBAN: HORIZONTAL PROPERTY: Commercial space No. 22.  Commercial area on the ground floor of Centro II Building, Hato Rey, San Juan, Puerto Rico, with a total floor area of 928.00 square feet equivalent to 98.70 square meters. Bounded on the NORTH, by the interior wall that separates it from commercial unit 27 and with a distance of 21'6"; on the SOUTH, by the exterior wall that separates it from the exterior yard facing Loaiza Cordero Street on a distance of 21'6"; on the EAST, by the interior wall that separates it from commercial unit No. 21 on a distance of 39' from commercial unit 28 on a distance of 21'8"; on the WEST, by the interior wall that separates it from commercial unit 23 and on a distance of 51'8". This unit has its main access door on its southern boundary. Percentage: 1.197% in the general common elements.
>
> The property described above is recorded at page 10 of volume 1523 of Río Piedras North, property number 36,709, Registry of Property, Second Section of San Juan.
>
> **PROPERTY B:**
>
> URBAN: Commercial space No.21. Commercial area located on the ground area of Centro II Building Muñoz Rivera Avenue, Hato Rey, San Juan, Puerto Rico, with a total floor area of 1072.00 square feet, equivalent to 99.63 square meters, bounded on the NORTH, by the interior wall that separates it from commercial unit #28 on a distance of 28'11"; on the SOUTH, by the exterior wall that separates it from the exterior facing Roiza Cordew street on a distance of 28'11"; on the EAST, by the interior wall that separates it from the entrance lobby No. 2 on a distance of 33'6" and from the exterior yard a distance of 5'6"; on the WEST, by the interior wall that separates it from commercial unit number 22 on a distance of 39'0". This unit has its access on its Southern boundary. Percentage: 1.99% in the general common elements.
>
> The property described above is recorded at page 7 of volume 1523 of Río Piedras North, property number 25,287, Registry of Property, Second Section of San Juan.

Case 3:19-cv-01697-PAD   Document 80   Filed 01/31/22   Page 4 of 8

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 4

**PROPERTY C:**

URBAN: HORIZONTAL PROPERTY: Commercial space No. 27. Commercial area on the ground floor of El Centro II Building, Hato Rey, San Juan, Puerto Rico, with a total floor area of 924.00 square feet equivalent to 85.88 square meters. Bounded on the NORTH, by the exterior wall that separates it from the interior patio on a distance of 21'6"; on the SOUTH, by the interior wall that separates it from commercial unit 22 on a distance of 21'6"; on the EAST, by the interior wall that separates it from commercial unit No. 28 on a distance of 43'0"; on the WEST, by the interior wall that separates it from commercial unit No. 23 on a distance of 18'6" from commercial unit 26 on a distance of 24'6". This unit has its main access door on its northern boundary. Percentage: 1.033% in the general common elements.

The property described above is recorded at page 4 of volume 1523 of Río Piedras North, property number 25,283, Registry of Property, Second Section of San Juan.

**PROPERTY D:**

URBAN: HORIZONTAL PROPERTY: Commercial space No. 28. Commercial area on the ground floor of El Centro II Building, Hato Rey, San Juan, Puerto Rico, with a total floor area of 1609.00 square feet equivalent to 149.54 square meters. Bounded on the NORTH, by the exterior wall that separates it from interior yard on a distance of 28'11"; on the SOUTH, by the interior wall that separates it from commercial unit 22 on a distance of 21'6"; on the EAST, by the interior wall that separates it from commercial unit 21 on a distance of 55'8"; on the WEST, by the interior wall that separates it from commercial unit No. 22 on a distance of 12'8" from commercial unit 27 on a distance of 43'0". This unit has its main access door on its northern boundary. Percentage: 1.699% in the general common elements.

The property described above is recorded at page 1 of volume 1523 of Río Piedras North, property number 25,251, Registry of Property, Second Section of San Juan.

Banesco and Defendants executed a First Amendment to Credit Agreement on February 17, 2017. Defendants acknowledged and agreed that the total amount of principal and interest due and owed under the Loan Agreement as of January 30, 2017 was $1,270,099.15 of principal and $2,369.98 of interest. SUMF at ¶ 10.

The minimum bids for Mortgage I, was set at $158,750.00 for Property A; $158,750.00 for Property B; $158,750.00 for Property C; and $158,750.00 for Property D. The minimum bids for

Mortgage II, was set at $218,600.00 for Property A; $262,320.00 for Property B; $218,600.00 for Property C; and $393,540.00 for Property D. Id. The parties agreed that the remaining clauses of the original note and mortgage deed would remain in effect. SUMF at ¶¶ 22-25. The properties are described as follows: Property A, is recorded at page 10 of volume 1523 of Río Piedras North, Registry of Property, Second Section of San Juan, property number 36,709; Property B, is recorded at page 7 of volume 1523 of Río Piedras North, Registry of Property, Second Section of San Juan, property number 25,287, Property C, is recorded at page 4 of volume 1523 of Río Piedras North, Registry of Property, Second Section of San Juan, property number 25,283; and Property D, is recorded at page 1 of volume 1523 of Río Piedras North, Registry of Property, Second Section of San Juan, property number 25,251. SUMF at ¶¶ 15-25.

The minimum bid for Mortgage IV, was set at $172,500.00 for Property H. The properties are described as follows: Property H, is recorded at page 119 of volume 161 of Rincón, Registry of Property, Section of Aguadilla, property number 8,155. SUMF at ¶¶ 27, 30. The minimum bid for Mortgage V, was set at $275,000.00 for Property I. The properties are described as follows: Property I, is recorded at page 162 of volume 756 of Río Piedras Norte, Rincón, Registry of Property, Second Section of San Juan, property number 21,962. SUMF at ¶¶ 32, 35.

Defendant did not comply with terms and conditions of the loan and is in default from December 3, 2018. SUMF at ¶ 52. As of February 27, 2020, Defendants owe Banesco the total amount of $1,380,025.92 consisting of: $974,433.21 in principal; plus 5% interest of unpaid principal balance as penalty fee in the amount of $48,721.66; plus interests in the amount of $111,279.56 which continues to accrue, even post-judgment as per agreement of the parties, until full payment of the debt at $216.54 per diem; plus accrued late charges in the amount of $5,840.88;

Case 3:19-cv-01697-PAD   Document 80   Filed 01/31/22   Page 6 of 8

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 6

plus $7,868.61 in escrow; plus other charges in the amount of $11,332.00; plus any other advance, charge, fee or disbursements made by Banesco, on behalf of Defendants, in accordance with the Loan Agreement, as amended, as well as under the other loan documents, plus costs and agreed attorneys' fees in the aggregated amount of $220,550.00. SUMF at ¶ 51.

### III.   DISCUSSION

Under Puerto Rico law, which applies here, "obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31 § 2994. A mortgage is a "guarantee of a debt, which in turn is secured by a particular property." Bautista Cayman Asset Company v. Vilariño-Rodriguez, 2018 WL 6422731, *3 (D.P.R. Dec. 5, 2018). "A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any principal or interest due." CitiMortgage, Inc. v. Rivera-Anabitate, 39 F.Supp.3d 152, 154 (D.P.R. 2014).

Defendant failed to fulfill its payment obligation under the mortgage note. The note permits lender, upon Defendant's default, to require immediate payment of the full amount of principal not paid, as well as all the interest owed on that amount. Further, the note entitles Banesco, as the note holder, to collect its costs and expenses to enforce the note, fixed at 10% of the original principal amount. Thus, there is no genuine issue of material fact as to the obligation, default, and amount owed.

### IV.   CONCLUSION

In light of the foregoing, the motion for summary judgment is GRANTED. Accordingly, Defendant is ordered to pay Banesco the outstanding principal balance of $1,380,025.92 consisting of: $974,721.66 in principal, plus interest at a rate of $216.54 per diem. The interest continues to

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 7

accrue until the debt is paid in full. Defendant is further ordered to pay Banesco accrued late charges and any other advance, charge, fee or disbursements made by Banesco on behalf of Defendant, in accordance with the mortgage deeds, plus costs, charges and disbursements, expenses and attorney's fees. Additionally,

1. In default of the payment of the sums hereinbefore specified or of any part thereof, within fourteen (14) days from the date of entry of judgment, the mortgaged property described above shall be sold at public auction to the highest bidder, without an appraisal or right of redemption for the payment of plaintiffs' mortgage within the limits secured thereby.

2. Upon plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order by the court and under the form and conditions to be directed by the court.

3. The sale shall be subject to the confirmation of the court, and the purchaser or purchasers shall be entitled to receive possession. The minimum bids to be accepted at the first public sale in accordance with the mortgage deed are as follows:

    a. Mortgage I, was set at $158,750.00 for Property A; $158,750.00 for Property B; $158,750.00 for Property C; and $158,750.00 for Property D.

    b. Mortgage II, was set at $218,600.00 for Property A; $262,320.00 for Property B; $218,600.00 for Property C; and $393,540.00 for Property D. Id.

    c. Mortgage IV, was set at $172,500.00 for Property H.

    d. Mortgage V, was set at $275,000.00 for Property I.

Case 3:19-cv-01697-PAD   Document 80   Filed 01/31/22   Page 8 of 8

Banesco USA. v. Centro Citopatológico del Caribe, Inc., et al.
Civil No. 19-1697 (PAD)
Opinion and Order
Page 8

4. Any funds derived from the sale to be made in accordance with the terms of the judgment and any order(s) of the court shall be applied as follows:

   a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master, after the compensation and expenses shall have been fixed and approved by the court, all those expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses, and attorney's fees.

   b. To the payment of all expenses or advances made by plaintiff.

   c. To the payment to plaintiff of the amounts due by Defendant as of February 27, 2020, plus interest which continues to accrue until full payment of the debt at the rate of $216.54; accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of Defendant, in accordance with the mortgage deed, plus costs, and 10% of the mortgage note principal balance in costs, expenses, and attorney's fees.

   d. If after making all the above payments there shall be a surplus, the surplus shall be delivered to the Clerk of this Court, subject to further orders of the court.

   e. If after making all those payments there is a deficiency, plaintiff may seek orders from the court to collect the deficiency from Defendant.

Plaintiff may apply to the court for such orders, as it may deem advisable to its interests to satisfy its money judgment, in accordance with its terms.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of January, 2022.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge